**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JULIAN J. PARDINI, SB# 133878
 Email: pardini@lbbslaw.com
ASHLEY COWGILL, SB# 258730
 Email: cowgill@lbbslaw.com
333 Bush Street, Suite 1100
San Francisco, California 94104
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant Doe, IP Address: 71.95.139.10.00

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX BRAUN,<br><br>  Plaintiff,<br><br>v.<br><br>PRIMARY DISTRIBUTOR DOE 1 AND DEFENDANT DOES 2 through 155,<br><br>  Defendants. | CASE NO. 12-CV-4102 YGR-JSC<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 31, 2013<br>Time: 9:00 a.m.<br>Dept.: Courtroom F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley |

**PLEASE TAKE NOTICE** that on January 31, 2013, at 9:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom F of this Court, Defendant Doe, IP Address: 71.95.139.10.00 ("Defendant Doe")[1] will and hereby does move the Court for an order quashing Plaintiff ALEX BRAUN's ("Plaintiff") Subpoena To Produce Documents, Information, or Objects or To Permit Inspection of Premises In a Civil Action.

///

---

[1] Neither Plaintiff's Complaint nor Subpoena identified a Doe Number affiliated with IP Address: 71.95.139.10.00. Therefore, Defendant Doe cannot determine with sufficient certainty what Doe Number is affiliated with Defendant Doe.

1   This motion is based on this notice of motion, the attached memorandum of points and
2   authorities and the declaration of Ashley Cowgill as well as any reply papers and/or oral argument.
3   Dated: December 21, 2012                LEWIS BRISBOIS BISGAARD & SMITH LLP
4                                           By_____/s/ Ashley Cowgill_____
                                                JULIAN J. PARDINI
5                                               ASHLEY COWGILL
                                                Attorneys for Defendant Doe, IP Address:
6                                               71.95.139.10.00



# MEMORANDUM OF POINTS AND AUTHORITIES

Comes now Defendant Doe, affiliated with IP address 71.95.139.10.00 for an order quashing the subpoena served upon Charter Communications, Inc. ("Charter"), as it pertains to Defendant Doe, on the following grounds:

Pursuant to Fed. R. Civ. R. §45 (c)(3)(A), Defendant Doe files this Motion to Quash Subpoena served upon Charter because the subpoena requires disclosure of protected information and subjects Defendant Doe to undue burden. Additionally, the subpoena seeks information that is not relevant given Plaintiff's utter inability to link Defendant Doe to the alleged infringing activity.

## I. STATEMENT OF FACTS

Plaintiff filed suit in the United States District Court, Northern District of California (Civil Action no. 12-4102-YGR) against 155 unnamed Doe Defendants, who are identified in the complaint only by internet protocol (IP) addresses. Plaintiff alleges that these Doe Defendants have obtained an adult video in violation of Plaintiff's copyrights.

Charter is a national internet service provider that provides internet service to its customers throughout the United States. Plaintiff served a subpoena on Charter's Custodian of Records to compel the disclosure of documents to identify the name and address of Defendant Doe so that Defendant Doe can be named as a Defendant in Plaintiff's copyright infringement action.

## II. LEGAL STANDARD

Defendant Doe has standing to move to quash the subpoena because it seeks the disclosure of personal identification information considered to be confidential and over which Defendant Doe has personal and proprietary interests. *Windsor v. Martindale*, 175 F.R.D. 665,668(D CO 1997). Defendant Doe also has standing to move to quash the subpoena to protect Defendant Doe's reputation and business interests. Fed. R. Civ. P. §45 (c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or filed an answered. The Court thus, lacks personal jurisdiction over any of the Does at this point.

///

///

4849-3018-4466.1   1   12-CV-4102 YGR

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, ET AL.

### III.   DISCUSSION

**A.   The Subpoena Should Be Quashed Because It Violates Fed. R. Civ. P. Rule 45(b)(2)(B)**

Rule 45(b)(2)(B) provides that a subpoena may be served at any place subject to the following restrictions:

> (b)   outside that district but within 100 miles of the place specified for the deposition, hearing, trial production or inspection.

Here, the subpoena was issued by the United States District Court for the Northern District of California located in San Francisco, CA, but was served on Charter located in St. Louis, Missouri. (Declaration of Ashley E. Cowgill [Cowgill Dec. ¶ 2, Exhibit 1)  The subpoena specifies that the production is to be made at Plaintiff's counsel's office located at 345 Grove Street, San Francisco, CA.  St. Louis, Missouri, is more than 2,000 miles from San Francisco, California. (Cowgill Dec. ¶ 3) Therefore, the subpoena should be quashed because it violates Rule 45(b)(2)(B) and was not served within 100 miles of the address designated for production.

**B.   The Subpoena Creates An Undue Burden On Doe Defendant And Should Be Quashed Because It Violates Rule 45(c)(3)(A)(iv)**

Plaintiff's complaint and *ex parte* request for expedited discovery constitute yet another in a wave of suits in which Plaintiffs alleging copyright infringement seek to "tag" a defendant based solely on an IP address.  However, an IP address is not equivalent to a person or entity.  It is not a fingerprint or DNA evidence – indeed, it is far from it.  In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that "IP subscribers are not necessarily copyright infringers….the infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of April 29, 2011, *VPR International v. DOES 1-1017*, No. 2:11-cv-02068 (Central District of Illinois)(Judge Harold A. Baker).  Although the Court did issue an order allowing early discovery in this matter, Judge Baker's evaluation regarding the "infringer" and identifying the "infringer" is equally relevant in the present matter.

///

The facts of this case are virtually identical and warrant the same result. It is clear that the *ex parte* order will produce, at best, an IP address. It will not produce a Defendant that Plaintiff will name in the current suit. Defendant Doe owns and operates a small family business that provides free wireless internet access to any customer that makes a purchase. (Cowgill Dec. ¶ 4) The wireless internet password does not change, and thus, once provided to a customer, the customer has continuous use of the wireless internet provided by Defendant Doe. (Cowgill Dec. ¶ 5) Any past or present of Defendant Doe has access to Defendant Doe's IP Address, for his/her own purposes, without detection. The likelihood that an individual other than Defendant Doe may have infringed Plaintiff's copyrights is too great to support any reliable correlation between Defendant Doe and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury, as well as business loss to a small family business from public exposure and association with adult entertainment, even if later disproven, is too great and presents an undue burden to Defendant Doe under Fed. R. Civ. P. §45 (c)(3)(A)(iv).

Moreover, in determining whether a subpoena is unduly burdensome, courts consider such factors as "relevance, the need of the party of the document, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed." *Whitlow v. Martin*, 263 F.R.D. 507, 512 (CD IL 2009). Defendant Doe's business is located more than 230 miles from The District Court of Northern California. (Cowgill Dec. ¶ 6) Requiring Defendant Doe to travel away from their business to defend itself in this action would create an undue burden on Defendant Doe and would cause Defendant Doe to suffer undue financial hardship.

The status of a nonparty is also a "significant factor." *Whitlow v. Martin*, 263 F.R.D. 507, 512 (CD IL 2009). Here, Defendant Doe is a nonparty, who will suffer undue burden resulting from the subpoena. Since the release of the information will likewise not lead Plaintiff to a direct defendant, the subpoena should be quashed.

///

///

///

### C. The Subpoena Should Be Quashed Because The Information Sought Is Not Relevant To Plaintiff's Allegations.

Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *Syposs v. United States,* 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("the reach of a subpoena issued pursuant to Fed. R. Civ. P. §45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. §26 (b)(1)." In this case, not a single one of Plaintiff's 155 potential adversaries has been identified. There is no adversarial process yet. Moreover, Plaintiff ignores the fact that the IP subscribers are not necessarily the alleged copyright infringers. The information linked to an IP address cannot give you the identity of the infringer without additional information. The IP address merely provides the internet service address from which the content was possibly downloaded, it does not provide a reference to the individual who downloaded it, or from what computer it was downloaded. The infringer sought in this case could be anyone with a laptop passing within range of the router provided by Defendant Doe.

Thus, the information sought by Plaintiff is not relevant to the allegations in any way. Moreover, even if the information has some small amount of relevance to the claim, discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of the burden on the defendant. Fed. R. Civ. P. §26(b)(2)(C)(iii). Plaintiff's request fails this balancing test because the information sought will not produce a Defendant, but will cause undue harm to Defendant Doe.

## IV. CONCLUSION

For the foregoing reasons, Defendant Doe requests this Court quash the subpoena requesting information from Defendant Doe.

Dated: December 21, 2012                LEWIS BRISBOIS BISGAARD & SMITH LLP

By         /s/ Ashley Cowgill
JULIAN J. PARDINI
ASHLEY COWGILL
Attorneys for Defendant Doe, IP Address: 71.95.139.10.00

File No. 24659.587

**CERTIFICATE OF SERVICE**
***Braun v. Primary Distributor Doe Number 1, et al.***
USDC – Northern District, Oakland Division, Case No. 12-CV-4102 YGR-JSC

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, California, 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 21, 2012, I served the following document:

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I served the document on the following person at the following address (including a fax number and email address, if applicable):

| | |
|---|---|
| The Law Office of D. Gill Sperlein<br>D. Gill Sperlein, Esq.<br>345 Gove Street<br>San Francisco, CA 94102 | Tel: 415.4046615<br>Fax: 415.404.6616<br>Email: gill@sperleinlaw.com |

The document was served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the person listed above.

I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Dated: December 21, 2012    /s/ B. Yasinah Johnson
                               B. Yasinah Johnson

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

12-CV-4102 YGR-JSC

**CERTIFICATE OF SERVICE**